**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CRIMINAL ACTION NO. 5:11-CR-00022-KDB-1**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **ORDER** |
| **CESAR SIERRO-PINEDA,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion entitled "Defendant's Subsequent & Independent 18 USC § 3582(c)(1)(A)(i), Subdivision 603(b)(1) of the First Step Act-2018." (Doc. No. 145) ("Motion"). For the reasons stated more fully below, the Court will deny the Motion.

## I. BACKGROUND

Defendant was charged in a two-count superseding bill of indictment on August 16, 2011, with conspiracy to distribute and possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841 and 846; and possession of a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). (Doc. No. 40). Defendant entered into a plea agreement in which he agreed to plead guilty to the drug conspiracy. (Doc. No. 47). In exchange, the Government agreed to dismiss the firearm count, as well as charges in a separate bill of indictment filed in the Southern District of Texas. *Id.*

In his Motion, Defendant claims that he has exhausted his administrative remedies as required under § 3582(c)(1)(A) and requests a reduction in his sentence for three "extraordinary and compelling" reasons. First, Defendant argues that his sentence was unusually long and violated

1

the terms of his plea agreement with the Government. (Doc. No. 145, at 2-5). Second, Defendant states that the federal government fabricated the "drug assessment utilized to reach a base offense level of 38 during sentencing." *Id.* at 5. Third, Defendant purports that his "ailments associated with Diabetes Mellitus (DM) Type 2 (uncontrolled) with Hemoglobin AIC of 9.2%, [and] Hypertension (beginner) with blood pressure of 140/90" puts him at a heightened risk of becoming seriously ill if he were to contract COVID-19. *Id.* at 6-7.

## II.     LEGAL STANDARD

To succeed on a motion for compassionate release under 18 U.S.C. § 3582(c), a defendant must first exhaust his administrative remedies as described by the statute. Once the defendant has exhausted his remedies, the court determines whether "extraordinary and compelling reasons" warrant a reduction and, if so, then considers the relevant sentencing factors under § 3553(a) to determine if an individualized application of those factors support compassionate release. A defendant seeking compassionate release has the burden of establishing that such relief is warranted. *See, e.g.*, *United States v. Ebbers,* 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Heromin,* No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

## III.     DISCUSSION

This is Defendant's second motion for compassionate release. His first motion was denied because he failed to exhaust his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). In his current Motion, Defendant submits an unsigned "Inmate Request to Staff" form dated February 17, 2021 requesting compassionate release for the reasons elaborated in his Motion to the Court. This Court has previously denied *pro se* motions attaching similar unsigned forms because there is no way for the Court to confirm the forms were received by BOP staff,

2

much less reviewed by BOP staff. However, even if Defendant had exhausted his administrative remedies, the Court would deny his Motion.

As for Defendant's first extraordinary and compelling reason, he argues that the Government breached the plea agreement, which resulted in an "unusually long" life sentence. He claims that he was told he would receive a 12-to-15-year sentence, not a life sentence, and the Court should consider his compassionate release motion on this ground.

This is not the first time Defendant has challenged his plea agreement and the length of his sentence. On direct appeal, Defendant challenged his life sentence and his plea agreement, specifically arguing that the Government violated the plea agreement. The Fourth Circuit rejected Defendant's arguments and upheld his conviction and sentence. In Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, he tried to relitigate the same issues raised on direct appeal and alleged ineffective assistance of counsel. His § 2255 motion was denied. That denial was affirmed on appeal to the Fourth Circuit. Defendant alleges no new arguments in his current Motion before the Court and after a review of the record, the Court finds that this reason does not constitute "extraordinary and compelling" circumstances that would warrant an early release.

Defendant cites to the Fourth Circuit's recent decision in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), for the proposition that his mandatory life sentence alone can constitute an extraordinary and compelling reason. However, the circumstances in *McCoy* that led to a reduction in the defendants' sentences were markedly different than Defendant's circumstances in this case. In *McCoy*, the defendants were convicted of robberies and accompanying firearms violations under 18 U.S.C. § 924(c). At the time, sentences under § 924(c) were "stacked," which exposed the defendants to additional mandatory minimums and led to sentences ranging from 35 to 53 years

of imprisonment. After the defendants' convictions became final, Congress passed the First Step Act and ended sentence "stacking" under § 924(c). The district courts recognized that today, the defendants' sentences would be dramatically shorter—in most cases, by 30 years—than the ones they received. The defendants moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) resting their case for "extraordinary and compelling reasons" primarily on the length of their § 924(c) sentences and the disparity between their sentences and those that Congress deemed appropriate in the First Step Act. After considering each defendant's individual circumstances, the district courts granted the defendants' motions and reduced their sentences to time served. The Fourth Circuit affirmed the district courts' decisions. Unlike the defendants in *McCoy*, Defendant's sentence for his drug conspiracy offense was driven by drug weight and no subsequent changes in the law would change his mandatory life sentence.

As for Defendant's second contention that "the drug assessment utilized to reach a base offense level of 38" was "fabricated by the federal government," his plea agreement contained a joint recommendation that the base offense level should be 38 and that he should receive a role enhancement pursuant to § 3E1.1(b) of the guidelines, as well as any other applicable enhancements. *Id.* Defendant repeatedly confirmed at his Rule 11 hearing in front of the magistrate judge and at sentencing that he understood the terms of his plea agreement. Thus, Defendant's second contention does not establish an "extraordinary and compelling" reason for his release.

Finally, Defendant contends that he faces a heightened risk of contracting COVID-19 while incarcerated at Atwater USP, and that due to his pre-existing medical conditions, he faces a heightened risk of a severe case of COVID-19 if he were to contract the virus. However, Defendant has not provided any medical evidence to support his conclusory assertion that he is at a heightened risk of severe illness due to COVID-19.

In sum, the Court denies Defendant's Motion for failure to show exhaustion of his administrative remedies and failure to show "extraordinary and compelling" circumstances warranting his release.

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motion entitled "Defendant's Subsequent & Independent 18 USC § 3582(c)(1)(A)(i), Subdivision 603(b)(1) of the First Step Act-2018.," (Doc. No. 145), is **DENIED** without prejudice to a renewed motion properly supported by medical evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: April 9, 2021

Kenneth D. Bell
United States District Judge