IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-CR-00022-KDB-1

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CESAR SIERRO-PINEDA | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the Defendant *pro se* for

compassionate release, home confinement and appointment of counsel based on the

COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018 and

the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020.  (Doc. No.

147).

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which

previously only allowed a court to reduce a term of imprisonment on motion of the

Director of Prisons (BOP).  Now a court may entertain a motion filed by a

defendant: (1) after full exhaustion of all administrative rights to appeal a failure of

the BOP to bring a motion on his behalf; or (2) after lapse of 30 days from the

receipt of such a request by the warden of his facility, whichever is less.

Here, Defendant attaches a form entitled request for administrative remedy

dated June 3, 2021, but it is unsigned by any member of the prison.  (Doc. No 148,

Page 2).  Thus, the Court is unable to verify whether or not it was sent to or

received by the warden.  Further, the motion fails to show that Defendant has fully

exhausted his administrative rights to appeal a failure of the BOP to bring a motion

on his behalf or that 30 days have elapsed from the warden's receipt of a request. Therefore, the Court will not consider the merits of his claim. *United States v. Raia,* 954 F.3d 594, 595 (3d Cir. 2020) (denying motion for compassionate release based on COVID-19 where defendant did not seek relief from BOP).

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle,* 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

Defendant also asks the Court to appoint him counsel to assist him with his request for a compassionate release. There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d

724, 730 (4th Cir. 2000); *see also United States v. Reed*, 484 F.App'x 785, 785 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant is seeking compassionate release due to his medical conditions. Defendant is capable of requesting compassionate release on this basis without the assistance of counsel and defendant has not otherwise established that the interests of justice require appointment of counsel in this circumstance. The Court finds that the interests of justice do not require appointment of counsel to assist Defendant at this time.

**IT IS, THEREFORE, ORDERED**, that the Defendant's *pro se* motion for compassionate release and appointment of counsel (Doc. No. 147), is **DENIED** without prejudice to a renewed motion after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: August 25, 2021

Kenneth D. Bell
United States District Judge