IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:11-CR-00022-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| CESAR SIERRO-PINEDA, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Cesar Sierro-Pineda's *pro se* Motion to Correct the Record Under Federal Rule of Criminal Procedure 36 (Doc. No. 150). Mr. Sierro-Pineda alleges that the Court erred in his Presentence Report ("PSR") by applying his acceptance of responsibility reduction to his adjusted offense level rather than his total offense level.

On September 27, 2011, Mr. Sierro-Pineda pled guilty to one count of conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine and a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841 (b)(1)(A) and 846 (Doc. No. 40 at 1). On December 5, 2012, the Court sentenced Mr. Sierro-Pineda to a term of life imprisonment (Doc. No. 92). He filed a notice of appeal six days later (Doc. No. 94). The Fourth Circuit affirmed the Court's judgment on November 6, 2013, finding that Mr. Sierro-Pineda's guilty plea was knowing and voluntary, and that the Court properly enhanced his sentence (Doc. No. 111). Mr. Sierro-Pineda also unsuccessfully challenged his life sentence under 28 U.S.C. § 2255, (Doc. No. 118), and he similarly failed to secure a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), USSC Amendments 591 and 782, and the First Step Act of 2018 (Doc. Nos. 129–30, 135–36, 145–46).

1

Now before the Court is Mr. Sierro-Pineda's request to correct his PSR. For reasons discussed below, and having carefully reviewed Mr. Sierro-Pineda's Motion, applicable legal authority, and the facts of this case, the Court will **DENY** the Motion.

### I. LEGAL STANDARD

Federal Rule of Criminal Procedure 36 ("Rule 36") authorizes the Court, "[a]fter giving any notice it considers appropriate, . . . [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." PSRs "constitute[] an 'other part of the record' amenable to correction under Rule 36." *United States v. Vanderhorst*, 927 F.3d 824, 826 (4th Cir. 2019) (citing *United States v. Mackay*, 757 F.3d 195, 198 (5th Cir. 2014)).

The "errors most commonly subject to correction under Rule 36 are . . . recording or scrivener's errors that make a difference." *United States v. Powell*, 266 F. App'x 263, 266 (4th Cir. 2008) (citation omitted); *United States v. Dillman*, No. 5:11-CR-0044, 2019 WL 7169786, at *3 (W.D. Va. Dec. 24, 2019) ("The federal rules do not define 'clerical error,' but courts have held that a clerical error 'must not be one of judgment or even misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'" (quoting *Connor v. United States*, No. DLC 09-0424, 2011 WL 1322402, at *3 (D. Md. 2011))). Other examples of errors subject to correction under Rule 36 include the omission of a forfeiture order, erroneous citations to the controlling statute in a judgment, incorrect amounts in a restitution order, and reference in a criminal judgment to the charge in the indictment rather than the lesser included offense to which the defendant pled guilty. *See Dillman*, 2011 WL 1322402, at *3 (collecting cases).

However, Rule 36 cannot support a motion to amend a substantive legal error, even when the movant presents it as a clerical error.[1] *See United States v. Roberts*, No. 3:09-CR-78, 2015 WL 13649104, at *1 (E.D. Va. Aug. 19, 2015). Accordingly, the Court must look at the substance of the motion, rather than its form, to determine whether it improperly seeks to address a substantive legal error. *See Vanderhorst*, 927 F.3d at 828; *Dillman*, 2019 WL 7169786, at *3 ("Although [defendant] couches his arguments in terms of clerical errors, the essence of his argument is that the convictions should not have been used as a basis for the career offender designation, the § 851 enhancement, or the Guidelines calculation . . . any error in the use of the prior convictions was a substantive legal error and Rule 36 does not contemplate correction of such an error."). Also, where a defendant is clearly seeking to challenge his sentence, a Rule 36 motion must fail. *See Roberts*, 2015 WL 13649104, at *1 ("Roberts truly challenges the Court's finding that he is a career offender. Roberts argues that the convictions used to enhance his sentence were improperly counted based on a clerical error in state court. He claims he was 'deemed a Career Offender because of the clerical error and [his] sentence is being extended by more than ten years.' Roberts clearly challenges his sentence. Accordingly, Roberts's Rule 36 Motion falls outside the scope of Rule 36 . . . .").

## II. DISCUSSION

Mr. Sierro-Pineda argues that the Court made a clerical error when it applied the three-point reduction for his acceptance of responsibility to his adjusted offense level of 48 rather than

---

[1] In limited circumstances, a successful Rule 36 motion may substantively affect a sentence, such as when the clerical error "likely resulted in the imposition of a longer sentence than would have been imposed absent the error." *Vanderhorst*, 927 F.3d at 827. However, that scenario is inapplicable here because the error Mr. Sierro-Pineda alleges and seeks to correct is substantive, not clerical, in nature.

his (final) total offense level of 43.[2] Doc. No. 150 at 4. The Court will deny his motion for two reasons. First, Mr. Sierro-Pineda effectively challenges his sentence, which makes his alleged legal error substantive, not clerical. Thus, Rule 36 cannot grant the relief he seeks because it "does not provide jurisdiction to correct an alleged error committed by a judge at sentencing, regardless of whether that correction is designed to vindicate an unstated assumption of the sentencing court." *See United States v. Jones*, No. 7:13-CR-00038, 2022 WL 3129102, at *3 (W.D. Va. Aug. 4, 2022) (citations omitted); *see also United States v. Fraley*, 988 F.2d 4, 6 (4th Cir. 1993) ("There is no evidence whatsoever that the district court, at the sentencing hearing, intended to impose anything but a sentence of ten months of imprisonment . . . [t]here is no clerical error."). Instead, a motion under 28 U.S.C. § 2255 would be the proper vehicle for Mr. Sierro-Pineda's request.

Second, even if the Court could consider Mr. Sierro-Pineda's Motion under Rule 36, it is incorrect on the merits. Mr. Sierro-Pineda asserts that his "3 points [sic] acceptance of responsibility need[] to lawfully be deducted from the default level of 43," resulting in a new total offense level of 40 and a sentence ranging from 292 to 365 months. Doc. No. 150 at 4. However, the Probation Office correctly applied the acceptance of responsibility deduction to the adjusted total before further reducing it to 43 in compliance with the Sentencing Commission's guidance. *See United States v. Dowell*, 771 F.3d 162, 166 (4th Cir. 2014) (applying the acceptance of responsibility reduction to the adjusted offense level of 50, not the ultimate total offense level of 43). In other words, Mr. Sierro-Pineda's total offense level of 45 "default[ed] to level 43" *only after* the Court applied the necessary adjustments, including his acceptance of responsibility, and

---

[2] The Federal Sentencing Guidelines' highest possible offense level is 43, so the Court treats Mr. Sierro-Pineda's initial total offense level of 45 as 43. *See* U.S.S.G. Ch. 5, Pt. A, Cmmt. 2 (2022) (noting that "in rare cases, a total offense level of less than 1 or more than 43 may result from application of the guidelines . . . [a]n offense level of more than 43 is to be treated as an offense level of 43").

4

determined his guideline range. Doc. No. 150 at 4; *see also* U.S. SENT'G COMM'N, FCJ FEDERAL SENTENCING GUIDELINES MANUAL § 1B1.1 (2023). In sum, the Court accurately calculated Mr. Sierro-Pineda's total offense level and sentenced him accordingly.

Therefore, Rule 36's limited scope (as well as the lack of merit in his contentions) cannot resolve Mr. Sierro-Pineda's complaint, and consequently, his Motion must be denied.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Correct the Record (Doc. No. 150) is **DENIED.**

**SO ORDERED.**

Signed: July 26, 2024

Kenneth D. Bell
United States District Judge